## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TROY MCCORMICK** | * | **CIVIL ACTION NO:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **THE NEW ORLEANS PUBLIC BELT** | * | **MAGISTRATE:** |
| **RAILROAD  COMMISSION, D/B/A** | * | |
| **NEW ORLEANS PUBLIC BELT** | * | |
| **RAILROAD COMPANY** | * | **TRIAL BY JURY** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

---

## COMPLAINT FOR DAMAGES

---

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Troy McCormick, a person of full age and majority residing and domiciled in the Parish of Orleans, State of Louisiana, and respectfully avers the following:

1.      This Honorable Court has federal question jurisdiction by virtue of 28 U.S.C. § 1331, as this claims arises under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51, *et seq*.

2.      Venue is proper in the Eastern District of Louisiana as Orleans Parish is the parish were the cause of action(s) arose and/or accrued, and Defendant, New Orleans Public Belt Railroad [hereinafter "NOPB"], at all times mentioned herein was doing business in the Parish of Orleans as a common carrier in interstate commerce.

3.      This is an action arising under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq*., commonly referred to as the FELA, to recover damages for personal injuries

1

sustained by the Plaintiff in the line of duty while employed as a railroad switchman by the Defendant, NOPB, in its Transportation Department and while engaged in interstate commerce.

4.      Defendant, City of New Orleans, by and through the Public Belt Railroad Commission of the City of New Orleans, is a political subdivision of the City of New Orleans, with its principal business establishment in the Parish of Orleans, does business as New Orleans Public Belt Railroad and as such engages in interstate commerce as a common carrier by railroad.

5.      Defendant, NOPB, is liable unto Plaintiff, Troy McCormick, for all of the damages he sustained as a result of the negligence, carelessness, and/or recklessness that NOPB committed, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

**COUNT I:  MARCH 19, 2013 ACCIDENT**

6.      On or about March 19, 2013, while performing a railroad switching/shoving operation in the course and scope of his employment, Troy McCormick, was injured by the reckless, negligent, and/or careless actions of the Defendant in failing to provide a safe place to work. During the switching movement, while Plaintiff was in the course and scope of his duties as a NOPB switchman, the dilapidated fence, owned and/or under the control of NOPB, collapsed, pinning Plaintiff's hand to a railcar.  As a result of the collapsed fence, Plaintiff's left hand and thumb were smashed, causing serious injuries and requiring emergency surgery.

7.      Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker and that as a direct cause of Defendant's negligence under the Federal Employer's Liability Act (FELA) on March 19, 2013, Plaintiff sustained severe injuries that have caused him significant pain, suffering, lost wages, unpaid medical expenses, for which he demands full recovery.

8.      Plaintiff further avers that Defendant, through its employees, agents, servants, and employees negligently and carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq*., thereby causing and/or contributing to the aforementioned injuries, in whole or in part; and the negligence of NOPB includes, but is not limited to the following acts to-wit:

    A.  In that NOPB, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

    B.  In that NOPB, in violation of its non-delegable duty, failed to provide safe working conditions and proper equipment where Plaintiff was performing his duties in the manner required by Defendant;

    C.  In that NOPB, in violation of its non-delegable duty, failed to warn Plaintiff of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known.

    D.  In that NOPB, violated federal railroad safety regulations enacted for the safety of its employees, which renders NOPB strictly liable under the provisions of FELA and U.S. Supreme Court precedent.

    E.  In that NOPB failed to exercise due care and caution commensurate with the surrounding circumstances;

    F.  Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

9.      Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

    A.  Physical Pain and Suffering, Past and Future;

B. Loss of Enjoyment of Life;

C. Past Lost Wages;

D. Unpaid Past Medical Expenses;

E. Future Lost Wages, *if incurred*.

**COUNT II:  JUNE 7, 2014 ACCIDENT**

10.    In addition to the injuries sustained on or about March 19, 2013, pled herein, on or about June 7, 2014, while performing a railroad operation in the course and scope of his employment, Troy McCormick, was injured by the reckless, negligent, and/or careless actions of the Defendant in failing to provide a safe place to work.  While Plaintiff was engaged in his work as a switchman, and due to the defectiveness of Defendant's rail equipment, Plaintiff sustained injuries to his left shoulder and bicep while pulling a pin from a railcar.  The injuries he sustained on June 7, 2014 required surgical intervention on June 11, 2014.

11.    Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker and that as a direct cause of Defendant's negligence under the Federal Employer's Liability Act (FELA) on March 19, 2013, Plaintiff sustained severe injuries that have caused him significant pain, suffering, lost wages, unpaid medical expenses, for which he demands full recovery.

12.    Plaintiff further avers that Defendant, through its employees, agents, servants, and employees negligently and carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq*., thereby causing and/or contributing to the aforementioned injuries, in whole or in part; and the negligence of NOPB includes, but is not limited to the following acts to-wit:

A. In that NOPB, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

B. In that NOPB, in violation of its non-delegable duty, failed to provide safe working conditions and proper equipment where Plaintiff was performing his duties in the manner required by Defendant;

C. In that NOPB, in violation of its non-delegable duty, failed to warn Plaintiff of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known.

D. In that NOPB, violated federal railroad safety regulations enacted for the safety of its employees, which renders NOPB strictly liable under the provisions of FELA and U.S. Supreme Court precedent.

E. In that NOPB failed to exercise due care and caution commensurate with the surrounding circumstances;

F. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

13. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

A. Physical Pain and Suffering, Past and Future;

B. Loss of Enjoyment of Life;

C. Past Lost Wages;

D. Unpaid Past Medical Expenses;

E. Future Lost Wages, *if incurred*.

14. Plaintiff reserves the right to supplement and amend this Complaint, as additional facts become known to him.

15. Plaintiff is entitled to and demands a trial by jury.

5

WHEREFORE, Plaintiff, Troy McCormick, prays that Defendant, New Orleans Public Belt Railroad, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Troy McCormick, and against Defendant, New Orleans Public Belt Railroad, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

Respectfully Submitted,

**DAVIS, SAUNDERS & MILLER, PLC**

BY:
_____*/s/ Carisa German-Oden, Esq.*_____
**CARISA GERMAN-ODEN #31463**
**JOSEPH M. MILLER #30636**
**BENJAMIN B. SAUNDERS #11733**
400 Mariners Plaza Drive, Suite 401
Mandeville, Louisiana  70448
Telephone: (985) 612-3070
coden@davissaunders.com
**Attorneys for Troy McCormick**

6